UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE: )
)
JAMES W. HARRIS, JR. ) CASE NO. 13-32403(1)(13)
)
Debtor(s) )

**MEMORANDUM OPINION**

This matter came before the Court for confirmation of the Chapter 13 Plan of Debtor James W. Harris, Jr. ("Debtor"). An Objection was filed by Creditor Lynch, Cox, Gilman & Goodman, P.S.C. ("Creditor"). The Court considered the Debtor's Chapter 13 Plan, the Debtor's Brief in Support of Confirmation of the Plan, the Objection filed by the Creditor and the comments of counsel for the parties at the hearing held on the matter. For the following reasons, Creditor's Objection is **SUSTAINED** confirmation of the Plan is **DENIED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

1. On June 14, 2013, Debtor filed his Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code.

2. On Schedule E of Debtor's Petition, Creditors Holding Unsecured Priority Claims, Debtor listed a debt to Capital One Credit in the amount of $14,199 and a debt to Unvl/Citi in the amount of $3,396. "Unvl/Citi" refers to a debt owed on a AT&T Universal credit card. Both debts were classified as domestic support obligations.

3. Debtor's Chapter 13 Plan, also filed on June 14, 2013, listed both the Capital One debt of $14,199 and the AT&T debt of $3,396 as "domestic support". The Plan proposes to pay both debts in full as unsecured priority claims.

4. In May of 2012, nearly a year prior to the date of the filing of the Petition, the Debtor and his former spouse executed a Property Settlement Agreement in connection with their divorce. Paragraph 4 of the Agreement, "Responsibility for Debts" states, "Husband certifies that there is no balance owed on any credit cards except that debt set forth in Exhibit B." Exhibit B to the Agreement lists only the AT&T credit card debt. Paragraph 5 of the Agreement, "Maintenance" states, "With the exception of those household expenses set forth in paragraph 2 above, Husband's maintenance obligation as set forth in the Provisional Agreement shall terminate upon payment of those obligations to Wife as set forth in this Agreement."

5. On September 3, 2013, Creditor filed its Proof of Claim on an unsecured debt in the amount of $52,141.53.

6. On September 7, 2013, the Debtor and his ex-spouse executed a document entitled "Agreed Modification to Property Settlement Agreement" whereby the Debtor and his ex-spouse agreed to modify paragraph 4 of the Property Settlement Agreement and Exhibit B thereto to include the entire debt associated with the Capital One credit card account as Debtor's obligation.

7. On September 20, 2013, Creditor filed its Objection to Confirmation of the Debtor's Chapter 13 Plan. Creditor objects to the inclusion in the Plan of both the AT&T and Capital One debts as unsecured priority claims to be paid in full as domestic support obligations because only the AT&T debt was included in Debtor's Property Settlement Agreement. Further, the Capital One debt is not even in Debtor's name. Creditor also contends the AT&T debt does not meet the definition of a domestic support obligation under 11 U.S.C. §101(14A).

8. On November 18, 2013, the Court held a hearing on Creditor's Objection to confirmation of the Debtor's Chapter 13 Plan. At that hearing, the Court gave the Debtor up to and including

2

November 28, 2013 to file a Memorandum of Law with respect to his treatment of the AT&T and Capital One credit card debts. The Creditor was given until December 9, 2013, to file a Response. The Debtor was also ordered to file amended Schedules I and J by December 2, 2013.

9. The Court held a continued confirmation hearing on the Debtor's Chapter 13 Plan on December 16, 2013, after which it took the matter under advisement.

## LEGAL ANALYSIS

Debtor contends that the debts owed to AT&T and Capital One are both properly classified as domestic support obligations owed by the Debtor to his former spouse. Creditor objects to confirmation of the Debtor's Chapter 13 Plan due to its inclusion of these two debts as domestic support obligations. The record before the Court establishes that the Creditor's Objection must be sustained and confirmation of the Plan denied.

The Debtor entered into the Property Settlement Agreement at the time of his divorce. At that time, Debtor was only obligated to pay the AT&T credit card debt, not the Capital One credit card debt. Subsequent to the filing of his Chapter 13 Petition, Debtor entered into an Amended Property Settlement Agreement to assume the Capital One credit card debt in order to have these debts paid in full as priority debts inside his Chapter 13 Plan. The Debtor voluntarily took on more debt without Court approval and further attempted to classify these two debts as maintenance in an effort to have them classified as the domestic support obligations under the 11 U.S.C. §101(14A). The net result of these actions, if left unchallenged, would have both of these debts paid as priority debts, thereby diluting the pool of funds available for unsecured creditors.

The Debtor, as the proponent of the Chapter 13 Plan, had the burden of proving that the Plan was proposed in good faith. *In re Caldwell*, 895 F.2d 1123, 1126 (6th Cir. 1990). The Sixth Circuit

3

instructs bankruptcy courts to look at the totality of the circumstances in determining a debtor's good faith in the filing of a Chapter 13 Plan. *In re Okoreeh-Baah*, 836 F.2d 1030, 1033 (6th Cir. 1988). The Court carefully considered the totality of the circumstances presented and finds the Debtor failed to carry his burden of proving the Plan was proposed in good faith. Debtor provided no justifiable reason for his attempt to include the AT&T and Capital One credit card debts as domestic support priority debt. The timing of the Amendment to the Property Settlement Agreement, post-petition, leads the Court to conclude the Plan was not proposed in good faith and it cannot be confirmed.

   The Court finds that both the AT&T and Capital One credit card debts are unsecured debts. The record before the Court does not demonstrate that the debts meet the definition of "domestic support obligation" under 11 U.S.C.§101(14A). If Debtor and his ex-spouse had intended for the credit card debts to be included as support or maintenance in connection with their divorce, they should have been clearly delineated as such in the Property Settlement Agreement. Debtor's attempts to reclassify the debts post-petition cannot be allowed. For these reasons, the Petition and Chapter 13 Plan proposed by the Debtor do not meet the requirements of good faith of 11 U.S.C. §1325 and confirmation of the Plan must be denied.

## **CONCLUSION**

For all of the above reasons, Creditor's Objection to confirmation of the Debtor's Chapter 13 Plan is **SUSTAINED** and confirmation of the Plan is **DENIED**. An Order incorporating the findings herein accompanies this Memorandum Opinion.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: January 8, 2014

# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

IN RE:                                   )
                                         )
    JAMES W. HARRIS, JR.      )         CASE NO. 13-32403(1)(13)
                                         )
                  Debtor(s)     )

## ORDER

Pursuant to the Memorandum Opinion entered this date and incorporated herein by reference, and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Objection of Creditor Lynch, Cox, Gilman & Goodman, P.S.C., to Confirmation of the Chapter 13 Plan of Debtor James W. Harris, Jr., be and hereby is, **SUSTAINED** and confirmation of Debtor's Chapter 13 Plan is **DENIED**.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: January 8, 2014